Opinion issued October 2, 2008


 












In The

Court of Appeals

For The

First District of Texas






NOS. 01-07-01081-CR 

 01-07-01082-CR 






DANNY LEE HARRIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1087357 and 1087358






MEMORANDUM OPINION


 A jury found appellant, Danny Lee Harris, guilty of two separate offenses of
aggravated assault. The jury found true two enhancement paragraphs in each case
and assessed punishment in both cases at confinement for 60 years. Appellant gave
notice of appeal. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record in
presents no reversible error, that the appeals are without merit and are frivolous, and
that the appeals must be dismissed or affirmed. See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967). The brief meets the requirements of Anders by presenting
a professional evaluation of the record and detailing why there are no arguable
grounds for reversal. Id. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.
2d 807, 810 (Tex. Crim. App. 1978). 

 Counsel represents that he has served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief. Having reviewed the
record and counsel's brief, we agree that these appeals are frivolous and without
merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). 

 We affirm the judgments of the trial court and grant counsel's motions to
withdraw. (1) 

PER CURIAM


Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. Tex. R. App. P. 47.4.
1. Appointed counsel still has a duty to inform appellant of the result of this
appeal and that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See Bledsoe v. State, 178 S.W.3d 824,
826-27 (Tex. Crim. App. 2005).